David A. Bahr (D.D.C. Bar #OR0001)
Bahr Law Offices, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439
davebahr@mindspring.com

*Plaintiff's Counsel*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WESTERN WATERSHEDS PROJECT,** an Idaho non-profit corporation, 126 South Main Street, Suite B-4, P.O. Box 1770, Hailey, Idaho 83333, <br><br> Plaintiff, <br><br> *v.* <br><br> **UNITED STATES DEPARTMENT OF INTERIOR,** an agency of the United States of America, 1849 C Street, N.W., Washington DC 20240; and **UNITED STATES BUREAU OF LAND MANAGEMENT**, an Administrative Agency of the United States Department of Interior, 1849 C Street, N.W., Rm. 5665, Washington, D.C. 20240, <br><br> Defendants. | Case No. 23-283 <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** <br><br> Freedom of Information Act Case <br> Administrative Procedure Act Case |

Plaintiff, Western Watersheds Project ("WWP"), alleges as follows:

## INTRODUCTION

1.      In this action, brought pursuant to the Freedom of Information Act ("FOIA" or "the

Act"), 5 U.S.C. § 552 *et. seq.*, or, in the alternative, the Administrative Procedure Act ("APA"),

5 U.S.C. § 701 *et. seq.*, WWP challenges the unlawful acts of the United States Bureau of Land

COMPLAINT

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

Management ("BLM"), acting on behalf of the Defendant United States Department of Interior ("DOI") as well as unlawful acts of the DOI itself in relation to WWP's pending requests and appeals.

**2.** WWP's FOIA requests at issue in this case generally seek information regarding (1) BLM's "internal" or "restricted" instructional manuals and informational bulletins that govern agency decisions across a broad swath of agency projects, (2) BLM's nomination of lands within Wyoming for consideration under Section 4105 of the John D. Dingell, Jr. Conservation, Management, and Recreation Act, which seeks to provide access to otherwise inaccessible public lands, and (3) resource and range management on various allotments within Wyoming. WWP's requests sought this information as part of its continuing efforts to provide meaningful oversight of public lands management decisions by the BLM and DOI.

**3.** BLM has never made a final determination on WWP's twelve pending FOIA requests or the two appeal remands from DOI.

**4.** The inaction of BLM and DOI on WWP's FOIA requests and appeals violates FOIA in several ways. First, Defendants have refused to release non-exempt records responsive to WWP's FOIA requests and appeal remands. Second, BLM failed to make a timely determination regarding WWP's original FOIA requests and the two appeal remands from DOI. Third, DOI failed to make a determination on WWP's two appeals within the prescribed statutory period. Fourth, Defendants failed to provide WWP with dates of receipt, tracking numbers or estimated dates on which it would make a determination on Plaintiff's requests and appeal remands.

**5.** These failures amount to illegal, constructive withholding of records responsive to WWP's FOIA requests and appeal remands and further present a pattern, practice or policy of failing to comply with FOIA.

**6.** Each of these failures violates FOIA, or, in the alternative, the APA.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**7.**     WWP is engaged in ongoing public outreach, education, and government "watchdog" efforts regarding state and federal compliance with environmental statutes and prompt access to the requested information is crucial to provide public oversight of Defendants' activities in this regard. Defendants' repeated failures to comply with FOIA frustrate WWP's mission.

**8.**     Accordingly, WWP seeks a declaration from this Court that Defendants have violated FOIA, or in the alternative, the APA. WWP also seeks an injunction from this Court that directs Defendants to provide WWP with the requested records by a date certain.

**9.**     Should WWP prevail in this case, it will seek an award of reasonable attorneys' fees and litigation costs pursuant to FOIA, 5 U.S.C. § 552(A)(4)(E), the Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq.*, or other applicable authorities.

## JURISDICTION, VENUE AND BASIS FOR RELIEF

**10.**     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA, the APA, and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

**11.**     Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue for all FOIA cases in the District of Columbia.

**12.**     Declaratory relief is appropriate under 28 U.S.C. § 2201.

**13.**     Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

**14.**     Plaintiff Western Watersheds Project is a non-profit conservation organization founded in 1993 with the mission of protecting and restoring western watersheds and wildlife through education, public policy initiatives, and litigation. Headquartered in Hailey, Idaho, Western Watersheds Project has over 12,000 members and supporters and works in eleven states across

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

the West, including Wyoming. The organization is an IRS 501(c)(3) charitable entity.

**15.**    WWP is active in seeking to protect and improve the public lands, wildlife, and other natural resources and ecological values of western watersheds, particularly by addressing impacts caused by domestic livestock grazing. WWP has long-standing concerns about impacts of BLM's grazing management on sage-grouse and other species. WWP has been in operation since 1993 and has a long track record of success in its work to watchdog compliance with environmental laws on public lands. WWP made the information requests and appeals at issue in this case.

**16.**    To further its mission, WWP often requests information regarding federal programs and activities through the FOIA. WWP then compiles and analyzes the information it obtains through the requests and disseminates it to the public by: (1) presenting the material to its members and supporters, as well as members of other state and national conservation organizations, through its newsletter, social media, and email alerts; (2) presenting the materials at national and regional conferences; (3) participating in other public forums, such as local government hearings; (4) issuing press releases and presenting the information to national, regional and local media; (5) posting the information (in a compiled and more readily understandable form) on WWP's internet web site, which has over 2,000 views each month; and (6) periodically posting information in a compiled and more readily understandable form to a heavily trafficked weblog, The Wildlife News (http://www.thewildlifenews.com) which receives on average over 7,000 visits each week. The records requested in the FOIA requests at issue here will help WWP inform and educate its members and the public about BLM's grazing management policies and decisions, and how they may affect the environment.

**17.**    The records at issue in this litigation are requested in support of WWP's ongoing efforts to improve protection of species and ecosystem health through oversight of grazing management

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

decisions by the BLM and DOI. Because the information requested herein has not been publicly

disclosed, its disclosure would significantly enhance public understanding concerning

Defendants' land management decisions.

**18.**     WWP, its staff and members are directly injured by BLM's and DOI's failure to comply

with the statutory requirements of FOIA, and a favorable outcome in this litigation will redress

such injuries. WWP brings this suit on behalf of itself, its staff and its members.

**19.**     Defendant BLM is an agency of the executive branch of the federal government. It is in

possession, custody, or control of the records sought by Plaintiff and as such, it is subject to

FOIA pursuant to 5 U.S.C. § 552(f).

**20.**     Defendant DOI is an agency of the executive branch of the United States government,

and is in possession, custody, or control of the records sought by WWP, and as such, it is subject

to FOIA pursuant to 5 U.S.C. § 552(f). BLM is an administrative component of DOI.

## STATUTORY BACKGROUND

### Freedom of Information Act (FOIA)

**21.**     FOIA's "basic purpose" is "to open agency action to the light of public scrutiny." *U.S.*

*Dep't of Just. v. Reps. Comm. for Freedom of Press*, 489 U.S. 749, 772 (1989) (quoting *Dep't of*

*the Air Force v. Rose*, 425 U.S. 352, 272 (1976)). It was enacted "to ensure an informed citi-

zenry, promote official transparency, and provide a check against government impunity." *Trans-*

*gender Law Ctr. v. Immigr. & Customs Enf't*, 33 F.4th 1186 (9th Cir. 2022).

**22.**     In response to a FOIA request, an agency must conduct a reasonable search to find any

responsive records. *Hamdan v. U.S. Dep't of Just.*, 797 F.3d 759, 770 (9th Cir. 2015). The

agency bears the burden of demonstrating, "beyond a material doubt," that its search was "rea-

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

sonably calculated to uncover all relevant documents." *Transgender Law Ctr.*, 33 F.4th at *11-13 (quoting *Hamdan*, 797 F.3d at 770).

**23.**     To achieve its goals of government transparency and accountability, FOIA "establish[es] a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." S. Rep. No. 813, at 3 (1st Sess. 1965). Federal agencies must make records in their possession or control available to the public upon request, unless one of FOIA's specific and narrowly construed exemptions applies. 5 U.S.C. §§ 552(a) – (b).

**24.**     Consistent with FOIA's purpose of encouraging disclosure, these exemptions are discretionary, not mandatory. *Chrysler Corp. v. Brown*, 441 U.S. 281, 291 (1979). Withholding a record is permissible "only if the agency reasonably foresees that disclosure would harm an interest protected by an exemption." 5 U.S.C. § 552(a)(8)(A).

**25.**     An agency bears the burden of proving that any record — or portion thereof — it seeks to withhold falls within one of FOIA's nine specific exemptions. 5 U.S.C. § 552(a)(4)(B). *See Schiller v. NLRB*, 964 F.2d 1205, 1207 (D.C. Cir. 1992) ("Under FOIA, 'the burden is on the agency to sustain its action.'"); *Assembly of State of California v. U.S. Dep't of Commerce*, 968 F.2d 916, 920 (9th Cir. 1992) ("The government has the burden to prove that a requested document falls within one of FOIA's exemptions.").

**26.**     Consistent with encouraging disclosure, the exemptions under § 552(b) are discretionary, not mandatory. *Chrysler Corp.*, 441 U.S. at 291. "Subsection (b), 5 U.S.C. § 552(b), which lists the exemptions, simply states that the specified material is not subject to the disclosure obligations set out in subsection (a). By its terms, subsection (b) demarcates the agency's obligation to disclose; it does not foreclose disclosure." *Id.* at 292.

**27.**     Given the policy behind FOIA, federal courts have consistently rejected agency attempts to prove nondisclosed documents are subject to an exemption with only conclusory and general-

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

ized allegations of confidentiality. "We repeat, once again, that conclusory assertions of privilege will not suffice to carry the Government's burden of proof in defending FOIA cases." *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 861 (D.C. Cir. 1980); *see also Shannahan v. I.R.S.,* 672 F.3d 1142, 1148 (9th Cir. 2012) (holding agencies may not justify nondisclosure with conclusory or generalized allegations of confidentiality); *Anderson v. Dep't of Health & Human Servs.*, 907 F.2d 936, 941 (10th Cir. 1990) ("The district court must determine whether all of the requested materials fall within an exemption to the FOIA and may not simply conclude that an entire file or body of information is protected without consideration of the component parts.").

**28.**     The Act further states that an agency may "withhold information under this section *only if* the agency reasonably foresees that disclosure would harm an interest protected" by one of FOIA's nine narrow exemptions to mandatory disclosure. 5 U.S.C. § 552(a)(8)(A)(i) (emphasis added). This so-called "foreseeable harm" requirement requires that when asserting an exemption to withhold information, an "agency invoking [a FOIA] exemption must provide a 'focused and concrete demonstration of *why* disclosure of the particular type of material at issue will, in the specific context of the agency action at issue, actually impede those same agency [interests] going forward.'") *Reporters Committee for Freedom of Press v. FBI*, No. 20-5091, 2021 WL 2753938, at *12 (D.C. Cir. July 2, 2021) (emphasis added); *see also Ctr. for Investigative Reporting v. U.S. Customs & Border Prot.*, 436 F. Supp. 3d 90, 106 (D.D.C. 2019) (explaining that agency must "identify specific harms to the relevant protected interests that it can reasonably foresee would actually ensue from disclosure of the withheld materials" and "connect [such] harms in a meaningful way to the information withheld") (cleaned up) (citation omitted).

**29.**     Further, even within a privileged document, any reasonably segregable portions that do not reflect the agency's deliberative process must be separated and disclosed. The agency must

establish that all reasonably segregable portions of a document have indeed been segregated and disclosed, and that any withheld records are within the scope of the claimed exemption. "Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." *Anderson,* 907 F.2d at 941. Agencies cannot simply redact entire records or pages if a small portion is subject to an exemption. *Oglesby v. U.S. Dep't of the Army*, 79 F.3d 1172, 1176 (D.C. Cir. 1996) ("If a document contains exempt information, the agency must still release 'any reasonably segregable portion' after deletion of the nondisclosable portions.") (quoting 5 U.S.C. § 552(b)). "[T]he exemptions to the FOIA do not apply wholesale. An item of exempt information does not insulate from disclosure the entire file in which it is contained, or even the entire page on which it appears." *Arieff v. Dep't of the Navy*, 712 F.2d 1462, 1466 (D.C. Cir. 1983).

**30.**    FOIA imposes strict deadlines on federal agencies. Within twenty working days of receiving a FOIA request, the agency must make a final decision that notifies the requestor of the scope of the documents that the agency will produce, the scope of the documents that the agency believes exempt from disclosure, the reasons for any withholdings, and the requester's right to appeal any adverse determination. 5 U.S.C. §§ 552(a)(3)(A), 552(a)(6)(A)(i).

**31.**    Unless an agency subject to FOIA properly establishes a different timeline for disclosing responsive records, FOIA's mandate to make public records "promptly available" to a requester requires federal agencies to provide responsive records to a requester within or shortly after the 20-business-day deadline set forth in 5 U.S.C. § 552(a)(6)(A)(i).

**32.**    Congress has set forth narrow circumstances in which federal agencies may obtain more time to make the determination required by 5 U.S.C. § 552(a)(6)(A)(i). In two very limited circumstances the agency may toll the twenty business-day deadline for making its determination. 5 U.S.C. § 552(a)(6)(A)(ii) (providing for up to a ten-day tolling period to allow an agency to seek

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

information from a requester). Additionally, the agency may extend the twenty business- day deadline for making that determination for an additional ten business days by providing a written notice to the requester that sets forth the "unusual circumstances" that justify the deadline extension and the date on which the agency expects to make the determination. 5 U.S.C.§ 552(a)(6)–(B)(ii). Further, the statute includes a specific definition of the term "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(iii). And when the agency notifies a requester of unusual circumstances and the need for additional time, the agency's written notification "shall provide the person an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." 5 U.S.C. § 552(a)(6)(B)(ii). Moreover, an agency asserting that unusual circumstances prevent its compliance with FOIA's deadlines "shall make available its FOIA Public Liaison, who shall assist in the resolution of any disputes between the requester and the agency." *Id*.

**33.**     If an agency denies all or part of a FOIA request, the requestor may appeal to the head of that agency. 5 U.S.C. § 552(a)(6)(A)(i); 43 C.F.R. § 2.57(a)(1) ("you may file an appeal when … the bureau withholds records, or parts of records").

**34.**     Appeals must be received by the FOIA Appeals Officer no later than 90 workdays from the date of the final decision. 43 C.F.R. § 2.58(a); 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa).

**35.**     Further, an agency must "make a determination with respect to [the] appeal within twenty [working] days" after receiving the appeal. 5 U.S.C. § 552(a)(6)(A)(ii); 43 C.F.R. § 2.62(a).

**36.**     An agency's failure to timely respond to a FOIA request or appeal is itself a violation of the statute, regardless of a request's final outcome. 5 U.S.C. § 552(a)(6)(A)(ii). *See Or. Nat. Desert Ass'n v. Gutierrez*, 409 F.Supp.2d 1237, 1248 (D. Or. 2006), *aff'd in part, rev. on other*

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

*grounds*, *Or. Nat. Desert Ass'n v. Locke*, 572 F.3d 610 (9th Cir. 2009); *see also Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.*, 85 F.Supp.3d 1074, 1089-1090 (N.D. Cal. 2015).

**37.**   FOIA requires federal agencies to acknowledge receipt of FOIA requests or appeals, provide requesters with the date or receipt, provide an individualized tracking number for each request or appeal received that will take longer than ten days to process and provide an estimated date on which the agency will complete action on a request or appeal. 5 U.S.C. §§ 552(a)(7)(A), (B)(i), (ii).

**38.**   An agency's failure to provide a FOIA requester with information about the status of the agency's response to an information request or appeal, including the date it originally received the request or appeal, provide an individualized tracking number for each request and appeal received that will take longer than ten days to process or provide an estimated date on which the agency will complete action on the request or appeal is itself a violation of the statute, regardless of a request's final outcome. *Muttitt v. United States Cent. Command*, 813 F.Supp.2d 221, 231 (D.D.C., 2011) (finding an agency pattern of failure to provide estimated FOIA request completion dates is actionable).

**39.**   A requestor has "exhausted his administrative remedies," 5 U.S.C. § 552(a)(6)(C)(i), and may sue in federal district court if the agency does not make a final decision on an appeal within twenty working days of receipt. 5 U.S.C. § 552(a)(6)(A)(ii).

**40.**   A federal district court has jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

**41.**   If an agency can show that "exceptional circumstances" exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records. 5 U.S.C. § 552(a)(6)(C)(i).

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

Notably, the term "exceptional circumstances" does *not* include a delay that results from a predictable agency workload of FOIA requests, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests. 5 U.S.C. § 552(a)(6)(C)(ii).

## Administrative Procedure Act (APA)

**42.**    Agency action arising under FOIA has also been held to be subject to judicial review under the APA. *See, e.g., Or. Nat. Desert Ass'n*, 409 F.Supp.2d at 1248 (finding that violation of FOIA's decision deadline constitutes APA violation for an agency action that is not in accordance with the law).

**43.**    The APA authorizes district courts to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1). District courts must also set aside any agency action found to be arbitrary, capricious, an abuse of discretion, not in accordance with law, or made without observation of required procedures. 5 U.S.C. § 706(2).

### STATEMENT OF OPERATIVE FACTS[1]

### Regarding May 12, 2019 BLM FOIA Request Leading to Appeal No. 2021-035

**44.**    On or about May 12, 2019, WWP's Wyoming, Colorado, and Utah Director Jonathan Ratner requested all Instruction Memoranda and Information Bulletins issued by the BLM Director, the Washington Office, BLM Centers, and BLM State Offices since the year 2000 that are categorized as "Internal" or "Restricted" from BLM's Washington Office. Mr. Ratner's request

---

[1] WWP's outstanding FOIA requests at issue in this case consist of two appeal remands and three outstanding requests with BLM's Washington Office, and nine outstanding requests with BLM's Wyoming Offices.  The BLM Washington Office is abbreviated "WO" and the BLM Wyoming Offices are abbreviated "WY."

COMPLAINT

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

was submitted on behalf of WWP, by fax and electronic mail, and included a request for a public interest fee waiver.

**45.**     Mr. Ratner never received any acknowledgement of this request, confirmation of the date it was received, a tracking number, any determination regarding this request, nor any records responsive to his request from BLM.

**46.**     On April 25, 2020, Mr. Ratner timely appealed BLM's complete lack of response to his request to the Department of the Interior (DOI). DOI assigned Mr. Ratner's appeal No. 2021-035.

**47.**     On February 18, 2021, DOI FOIA and Privacy Act Appeals Officer Darrell Strayhorn emailed Mr. Ratner acknowledging Appeal No. 2021-035 remained pending.

**48.**     On September 13, 2021, Ms. Strayhorn sent Mr. Ratner a letter granting his appeal because "the BLM's Washington FOIA Office failed to provide any information that explains its delay in processing and responding to the FOIA request[], as the Department requested that it do."

**49.**     Ms. Strayhorn's letter directed BLM to begin processing its response to Mr. Ratner's request (if it had not already done so), and to provide Mr. Ratner with a tracking number for the request within five working days. Further, Ms. Strayhorn's letter directed BLM to issue its final response to Mr. Ratner's request within 20 workdays from the date of her decision.

**50.**     Following Ms. Strayhorn's September 13, 2021, remand decision, BLM did not take further action on Mr. Ratner's request. BLM did not confirm the date the request was received, provide Mr. Ratner a tracking number, or issue a final response to the request within 20 days of Ms. Strayhorn's decision (or at all).

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**51.**     On January 25, 2022, then-WWP staff attorney John Persell emailed Ms. Strayhorn requesting any additional information regarding resolution of this request and appeal, but did not receive a reply.

**52.**     As of the filing of this Complaint, Defendants have disclosed no records responsive to this request.

### Regarding April 13, 2020 BLM FOIA Request Leading to Appeal No. 2021-034

**53.**     On or about April 13, 2020, on behalf of WWP, using the FOIA.gov Internet portal, Mr. Ratner submitted a request to the BLM Washington Office seeking all records from each BLM Field Office in Wyoming related to implementation of the John D. Dingell, Jr. Conservation, Management, and Recreation Act (Public Law 119-9, Section 4105). Mr. Ratner requested 1) all Wyoming Field Office records related to areas proposed for inclusion in the Dingell Act nominating process, 2) all records used to develop the Wyoming BLM State Office's Dingell Act Priority Lists, including GIS data and other location information, 3) all records used to develop the BLM Access Project Summary, including GIS data and other location information, and 4) all records used to develop the Public Nominations Map, including GIS data and other location information. Mr. Ratner also requested a public interest fee waiver.

**54.**     Mr. Ratner never received any acknowledgement of this request, confirmation of the date it was received, a tracking number, any determination regarding this request, nor any records responsive to his request from BLM.

**55.**     On November 23, 2020, Mr. Ratner timely appealed BLM's complete lack of response to his request to the Department of the Interior (DOI). DOI assigned Mr. Ratner's appeal No. 2021-034.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**56.** On February 18, 2021, DOI FOIA and Privacy Act Appeals Officer Darrell Strayhorn emailed Mr. Ratner acknowledging Appeal No. 2021-034 and several others remained pending.

**57.** On September 13, 2021, Ms. Strayhorn sent Mr. Ratner a letter granting his appeal because "the BLM's Washington FOIA Office failed to provide any information that explains its delay in processing and responding to the FOIA request[], as the Department requested that it do."

**58.** Ms. Strayhorn's letter directed BLM to begin processing its response to Mr. Ratner's request (if it had not already done so), and provide Mr. Ratner with a tracking number for the request within five working days. Further, Ms. Strayhorn's letter directed BLM to issue its final response to Mr. Ratner's request within 20 workdays from the date of her decision.

**59.** Following Ms. Strayhorn's September 13, 2021, remand decision, BLM did not confirm the date the request was received or take further action on Mr. Ratner's request. BLM did not provide Mr. Ratner a tracking number nor issue a final response to the request within 20 days of Ms. Strayhorn's decision (or at all).

**60.** On January 25, 2022, WWP staff attorney John Persell emailed Ms. Strayhorn requesting any additional information regarding resolution of this request and appeal, but did not receive a reply.

**61.** As of the filing of this Complaint, Defendants have disclosed no records responsive to this request.

### Regarding BLM FOIA Request BLM/WO-2018-000769

**62.** On or about June 23, 2018, on behalf of WWP, Mr. Ratner emailed a request to the Wyoming BLM's Lander Field Office seeking certain records related to the Silver Creek allotment. Mr. Ratner identified three specific categories of records included in the request. First, he

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

requested all "tally-by-allotment" reports for the Silver Creek allotment within the date range 2003 to the date of the request. Second, he requested all records related to the development of the Silver Creek allotment Environmental Assessment. Third, he requested all records related to the development of the Standards and Guidelines Assessment, Determination, and Appropriate Actions related to the Silver Creek allotment.

**63.**     BLM assigned this request tracking number BLM-2018-000769, also written as WO-2018-000769.

**64.**     On May 6, 2022, then-WWP staff attorney John Persell sent a letter to BLM by email requesting any updates or information about any outstanding WWP FOIA requests, including an estimated completion date, but received no reply.

**65.**     On January 9, 2023, WWP staff attorney Megan Backsen sent a letter to BLM's Wyoming and Washington D.C. FOIA officers by email requesting any updates or information about this request, including an estimated completion date, but received no reply from BLM's Washington office.

**66.**     As of the filing of this Complaint, Defendants have disclosed no records responsive to this request.

### Regarding BLM FOIA Request BLM/WY-2019-000298

**67.**     On or about December 31, 2018, on behalf of WWP, Mr. Ratner emailed a request to the Wyoming BLM's Rock Springs Field Office seeking records regarding resource and range management within the Rock Springs Field Office. Mr. Ratner identified 24 allotments and five specific categories of records included within the request and a date range of December 1, 2017, through the day the request was fulfilled. First, Mr. Ratner requested all field notes, conversation records, emails, photographs, monitoring data, field sheets, meeting notes, and other documents

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

related to permit administration, resource and range management. Second, Mr. Ratner requested all stubble height, willow usage, range condition, riparian condition, actual use reports, or other field monitoring sheets, observations, or data. Third, Mr. Ratner requested all documentation of lack of permit compliance, including but not limited to trespass cattle, improper salting, excessive utilization, or other violations of allotment management plans. Fourth, Mr. Ratner requested all field notes, photographs, emails, meeting notes, conversation records, data, data sheets, GIS, analyses, or other documents regarding evaluations, determinations, or appropriate actions related to Rangeland Health Standards Assessments, Determinations and Appropriate Actions, and compliance with 43 C.F.R. § 4180. Finally, Mr. Ratner requested all documents, meeting notes, emails, conversation records, or other documents related to NEPA analysis. Mr. Ratner also requested a public interest fee waiver.

**68.**    BLM assigned this request tracking number BLM-2019-000298, also written as WY-2019-000298.

**69.**    On May 6, 2022, then-WWP staff attorney John Persell sent a letter to BLM by email requesting any updates or information about any outstanding WWP FOIA requests, including an estimated completion date, but received no reply.

**70.**    On January 9, 2023, WWP staff attorney Megan Backsen sent a letter to BLM's Wyoming and Washington D.C. FOIA officers by email requesting any updates or information about this request, including an estimated completion date, but received no direct reply.

**71.**    Instead, BLM contacted Mr. Ratner by email on January 26, 2023, and stated that the first batch of documents responsive to request BLM-2019-000298 would be sent by close of business on January 31, 2023. The response did not include an estimated completion date.

**72.**    As of the filing of this Complaint, Defendants have disclosed no records responsive to this request.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**Regarding BLM FOIA Request BLM-WY-2019-000299**

**73.**     On or about December 31, 2018, on behalf of WWP, Mr. Ratner emailed a request to the

Wyoming BLM's Worland Field Office seeking records regarding resource and range manage-

ment on allotments currently or formerly permitted to H. Frank Robbins, Owl Creek Ranch, HD

Ranch, or High Island Ranch, as well as 15 other specified allotments. Mr. Ratner identified

seven specific categories of records included within the request and a date range of December 1,

2017, through the day the request was fulfilled. First, Mr. Ratner requested all field notes, con-

versation records, emails, photographs, monitoring data, field sheets, meeting notes, and other

documents related to resource and range management. Second, Mr. Ratner requested all utiliza-

tion, stubble height, willow usage, range condition, riparian condition, actual use reports, or

other field monitoring sheets, observations, or data. Third, Mr. Ratner requested all documenta-

tion of lack of permit compliance or illegal activities, including but not limited to trespass live-

stock, improper salting, excessive utilization, or any other violations of annual operating instruc-

tions, whether permit actions were taken or not, including trespass sheep and cattle from Frank

Robbins's private lands, and including all records obtained from other agencies or persons.

Fourth, Mr. Ratner requested all analyses, reports, emails, meeting notes, conversation records,

or other documents regarding Standards and Guidelines assessments, determinations, or appro-

priate actions for all allotments within the Worland Field Office. Fifth, Mr. Ratner requested all

records related to instructions to BLM staff regarding BLM management and oversight of the

area encompassed by the current or former allotments permitted to H. Frank Robbins or entities

associated with him. Sixth, Mr. Ratner requested all records related to implementation of those

instructions, including but not limited to meeting notes with BLM personnel, or actions taken by

BLM management against any BLM personnel for failure to comply with those instructions. Fi-

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

nally, Mr. Ratner requested all records related to the legal/regulatory basis for those instructions. Mr. Ratner also requested a public interest fee waiver.

**74.**     BLM assigned this request tracking number BLM-2019-000299, also written as WY-2019-000299.

**75.**     On May 6, 2022, then-WWP staff attorney John Persell sent a letter to BLM by email requesting any updates or information about any outstanding WWP FOIA requests, including an estimated completion date, but received no reply.

**76.**     In August of 2022, BLM provided to Mr. Ratner a partial release of records responsive to request BLM-2019-000299, but did not indicate when it would complete its response.

**77.**     On January 9, 2023, WWP staff attorney Megan Backsen sent a letter to BLM's Wyoming and Washington D.C. FOIA officers by email requesting any updates or information about this request, including an estimated completion date, but received no direct reply.

**78.**     Instead, BLM contacted Mr. Ratner by email on January 26, 2023, and stated that final responsive batch to BLM-2019-00299 is "pending Solicitor review." The response did not include an estimated completion date.

**79.**     As of the filing of this Complaint, Defendants have disclosed no records responsive to this request.

### Regarding BLM FOIA Request BLM/WY-2019-000300

**80.**     On or about December 31, 2018, on behalf of WWP, by email Mr. Ratner requested from the Wyoming BLM's Lander Field Office all records related to resource and range management on 20 allotments or groups of allotments from December 1, 2017, until the date the request is fulfilled. Mr. Ratner identified five specific categories of records included within the request. First, he requested all field notes, conversation records, emails, photographs, monitoring data,

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

field sheets, meeting notes, and other documents. Next, Mr. Ratner requested stubble height, willow usage, range condition, actual use reports, and other field monitoring sheets or data. Third, Mr. Ratner requested all documentation of lack of permit compliance, including but not limited to trespass cattle, improper salting, excessive utilization, or any other violations of allotment management plans, annual instructions, and the resource management plan for the area. Fourth, Mr. Ratner requested all documents related to NEPA, Rangeland Health Assessments, Determinations and Appropriate Actions, including meeting notes, reports, emails, photographs, and other records. Finally, Mr. Ratner requested all records related in any way to any cooperative resource management (CRM) process for any allotments within the Lander Field Office, including those processes that do not comply with CRM principles. Mr. Ratner also requested a public interest fee waiver.

**81.**     BLM assigned this request tracking number BLM-2019-000300, also written as WY-2019-000300.

**82.**     In April of 2022, BLM provided to Mr. Ratner a partial release of records responsive to request BLM-2019-000300, but did not indicate when it would complete its response.

**83.**     On May 6, 2022, then-WWP staff attorney John Persell sent a letter to BLM by email requesting any updates or information about any outstanding WWP FOIA requests, including an estimated completion date, but received no reply.

**84.**     On January 9, 2023, WWP staff attorney Megan Backsen sent a letter to BLM's Wyoming and Washington D.C. FOIA officers by email requesting any updates or information about this request, including an estimated completion date, but received no direct reply.

**85.**     Instead, BLM contacted Mr. Ratner by email on January 26, 2023, and stated that the final batch of documents responsive to request BLM-2019-000300 was "pending Solicitor review." The response did not include an estimated completion date.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**86.**     As of the filing of this Complaint, Defendants have disclosed no additional records responsive to this request.

### Regarding BLM FOIA Request BLM-WO-2019-000301

**87.**     On or about December 31, 2018, on behalf of WWP, by email Mr. Ratner requested from the Wyoming BLM's Pinedale Field Office records related to resource and range management within the Pinedale Field Office from December 1, 2017, until the date the request is fulfilled. Specifically, Mr. Ratner requested seven categories of records. First, Mr. Ratner request all Actual Grazing Use reports filed by permittees for the 2018 grazing season. Second, Mr. Ratner requested all "Tally By Allotment" reports for the 2018 grazing season. Third, Mr. Ratner requested all communications with permittees who were delinquent in submitting Actual Grazing Use reports and the results of those communications. Fourth, Mr. Ratner requested all documentation of lack of permit compliance, including but not limited to trespass cattle, improper salting, excessive utilization, or any other violations of allotment management plans, annual instructions, and the resource management plan for the area. Fifth, Mr. Ratner requested all monitoring data, observations, field sheets, notes, photographs, emails, meeting notes, conversation records, analyses, reports, GIS data, or other documents, including documents related to the National Environmental Policy Act (NEPA), Rangeland Health Assessments, Determinations and Appropriate Actions, regarding 31 specific allotments or groups of allotments. Sixth, Mr. Ratner requested all records related in any way to any cooperative resource management (CRM) process for any allotments within the Lander Field Office, including those processes that do not comply with CRM principles. Finally, Mr. Ratner requested all records regarding National Historic Preservation Act (NHPA) compliance on four specific allotments or groups of allotments. Mr. Ratner also requested a public interest fee waiver.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**88.**     BLM assigned this request tracking number BLM-2019-000301, also written as WY-2019-000301.

**89.**     In April of 2022, BLM provided to Mr. Ratner a partial release of records responsive to request BLM-2019-000309, but did not indicate when it would complete its response.

**90.**     On May 6, 2022, then-WWP staff attorney John Persell sent a letter to BLM by email requesting any updates or information about this request, including an estimated completion date, but received no reply.

**91.**     On January 9, 2023, WWP staff attorney Megan Backsen sent a letter to BLM's Wyoming and Washington D.C. FOIA officers by email requesting any updates or information about this request, including an estimated completion date, but received no reply from BLM's Washington D.C. FOIA officer.

**92.**     As of the filing of this Complaint, Defendants have disclosed no records responsive to this request.

**Regarding BLM FOIA Request DOI-BLM-2021-006218**

**93.**     On or about May 16, 2020, on behalf of WWP, by fax Mr. Ratner requested from BLM records related to resource and range management within the Wyoming BLM's Pinedale Field Office from December 30, 2018, until the date the request is fulfilled. Mr. Ratner identified seven specific categories of records included within the request. First, Mr. Ratner requested all Actual Grazing Use reports filed by permittees within the Pinedale Field Office for the 2019 grazing season. Second, Mr. Ratner requested all "Tally By Allotment" reports for the 2019 grazing season. Third, Mr. Ratner requested all communications with permittees who were delinquent in submitting their Actual Grazing Use reports and the results of those communications. Fourth, Mr. Ratner requested all documentation of lack of permit compliance, including but not

limited to trespass cattle, improper salting, excessive utilization, or any other violations of allot-

ment management plans, annual instructions, and the resource management plan for the area.

Fifth, Mr. Ratner requested all monitoring data, observations, field sheets, notes, photographs,

emails, meeting notes, conversation records, analyses, reports, GIS data, or other documents, in-

cluding documents related to NEPA, Rangeland Health Assessments, Determinations and Ap-

propriate Actions regarding the management of 31 specific allotments or groups of allotments.

Sixth, Mr. Ratner requested all records related in any way to any cooperative resource manage-

ment (CRM) process for any allotments within the Pinedale Field Office, including those proc-

esses that do not comply with CRM principles. Finally, Mr. Ratner requested all records regard-

ing NHPA compliance on four specified allotments or groups of allotments. Mr. Ratner also re-

quested a public interest fee waiver.

**94.**     On November 23, 2020, Mr. Ratner emailed DOI FOIA Appeals Officer Darrell Stray-

horn, indicating he had not received any acknowledgement or response to his request. He pro-

vided Ms. Strayhorn proof of the fax transmission.

**95.**     Ms. Strayhorn replied to Mr. Ratner by email on December 10, 2020, and assigned the

request Appeal No. 2021-029.

**96.**     On April 1, 2022, BLM sent Mr. Ratner a letter acknowledging the request, but asserted

it received the request on September 23, 2021. BLM assigned the request tracking number DOI-

BLM-2021-006218. BLM indicated the request fell within its "Exceptional/Voluminous" proc-

essing track, and that there were 22 pending requests ahead of BLM-2021-006218 in this proc-

essing track. The acknowledgement letter stated BLM had not yet made a determination on Mr.

Ratner's request. The acknowledgement letter did not contain an estimated date by which BLM

would complete its response to Mr. Ratner's request.

COMPLAINT                                              22                    BAHR LAW OFFICES, P.C.
                                                                            1035 ½ Monroe Street
                                                                            Eugene, OR  97402
                                                                            (541) 556-6439

97.     BLM's claim that it did not receive the request belatedly assigned tracking number BLM-2021-006218 until more than a year after it was actually filed is demonstrably false because — as noted above — WWP provided DOI FOIA Appeals Officer Darrell Strayhorn with evidence of that the request being filed by FAX on May 16, 2020.

98.     On May 6, 2022, then-WWP staff attorney John Persell sent a letter to BLM by email requesting any updates or information about this request, including an estimated completion date, but received no direct reply.

99.     On May 9, 2022, BLM sent Mr. Ratner a letter regarding request DOI-BLM-2021-006218. The letter stated BLM had determined it will comply with the request "as an extraordinary track," and may invoke Exemption 6. The letter again stated 22 pending requests were ahead of DOI-BLM-2021-006218, and that requests in the extraordinary track "will take over 60 workdays to process." However, the letter did not provide an estimated date by which BLM would complete its response to the request.

100.    On January 9, 2023, WWP staff attorney Megan Backsen sent a letter to BLM by email requesting any updates or information about this request, including an estimated completion date, but received no direct reply.

101.    Instead, BLM contacted Mr. Ratner by email on January 26, 2023, and stated that the first batch of documents responsive to request BLM-2021-006218 would be sent by close of business on January 31, 2023. The response did not include an estimated completion date.

102.    As of the filing of this Complaint, Defendants have disclosed no records responsive to this request.

/ / /

/ / /

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

### Regarding BLM FOIA Request DOI-BLM-2021-006219

**103.**   On or about May 16, 2020, on behalf of WWP, by fax Mr. Ratner requested from BLM records related to resource and range management regarding 20 specific allotments or groups of allotments within the Wyoming BLM's Lander Field Office from December 30, 2018, until the date the request is fulfilled. Mr. Ratner identified five specific categories of records included within the request. First, Mr. Ratner requested all field notes, conversation records, emails, photographs, monitoring data, field sheets, meeting notes, and other documents related to resource and range management. Second, Mr. Ratner requested all stubble height, willow usage, range condition, actual use reports, or other field monitoring sheets or data. Third, Mr. Ratner requested all documentation of lack of permit compliance, including but not limited to trespass cattle, improper salting, excessive utilization, or any other violations of allotment management plans, annual instructions, and the resource management plan for the area. Fourth, Mr. Ratner requested all documents related to NEPA, Rangeland Health Assessments, Determinations and Appropriate Actions, including meeting notes, reports, emails, photographs, and other records. Finally, Mr. Ratner requested all records related in any way to any cooperative resource management (CRM) process for any allotments within the Pinedale Field Office, including those processes that do not comply with CRM principles. Mr. Ratner also requested a public interest fee waiver.

**104.**   On November 23, 2020, Mr. Ratner emailed DOI FOIA Appeals Officer Darrell Strayhorn, indicating he had not received any acknowledgement or response to his request. He provided Ms. Strayhorn proof of the fax transmission.

**105.**   Ms. Strayhorn replied to Mr. Ratner by email on December 10, 2020, and assigned the request Appeal No. 2021-030.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**106.**   On April 1, 2022, BLM sent Mr. Ratner a letter acknowledging the request, but asserted it received the request on September 23, 2021. BLM assigned the request tracking number DOI-BLM-2021-006219. BLM indicated the request fell within its "Exceptional/Voluminous" processing track, and that there were 23 pending requests ahead of DOI-BLM-2021-006219 in this processing track. The acknowledgement letter stated BLM had not yet made a determination on Mr. Ratner's request. The acknowledgement letter did not contain an estimated date by which BLM would complete its response to Mr. Ratner's request.

**107.**   BLM's claim that it did not receive the request belatedly assigned tracking number BLM-2021-006218 until more than a year after it was actually filed is demonstrably false because — as noted above — WWP provided DOI FOIA Appeals Officer Darrell Strayhorn with evidence of that the request being filed by FAX on May 16, 2020.

**108.**   On May 6, 2022, WWP staff attorney John Persell sent a letter to BLM by email requesting any updates or information about this request, including an estimated completion date, but received no direct reply.

**109.**   On May 9, 2022, BLM sent Mr. Ratner a letter regarding request DOI-BLM-2021-006219. The letter stated BLM had determined it will comply with the request "as an extraordinary track," and may invoke Exemption 6. The letter again stated 23 pending requests were ahead of BLM-2021-006219, and that requests in the extraordinary track "will take over 60 workdays to process." However, the letter did not provide an estimated date by which BLM would complete its response to the request.

**110.**   On July 13, 2022, Mr. Ratner received an email from BLM with a letter attached. The letter stated that BLM sent Mr. Ratner a compact disc containing 265 pages in their entirety as response batch #1 for request DOI-BLM-2021-006219. The letter did not provide an estimated

completion date by which BLM would complete its response to the request. The letter did indicate that BLM would make another release of records by August 16, 2022.

**111.**   On January 9, 2023, WWP staff attorney Megan Backsen sent a letter to BLM by email requesting any updates or information about this request, including an estimated completion date, but received no direct reply.

**112.**   Instead, BLM contacted Mr. Ratner by email on January 26, 2023, and stated that the first batch of documents responsive to request BLM-2021-006219 would be sent by close of business on January 31, 2023. The response did not include an estimated completion date.

**113.**   As of the filing of this Complaint, Defendants have disclosed no records responsive to this request.

### Regarding BLM FOIA Request DOI-BLM-2021-006220

**114.**   On or about May 16, 2020, on behalf of WWP, by fax Mr. Ratner requested from BLM records related to resource and range management regarding 24 specific allotments within the Wyoming BLM's Rock Springs Field Office from December 30, 2018, until the date the request is fulfilled. Mr. Ratner identified five specific categories of records included within the request. First, Mr. Ratner requested all field notes, conversation records, emails, photographs, monitoring data, field sheets, meeting notes, and other documents related to permit administration and resource and range management. Second, Mr. Ratner requested all stubble height, willow usage, range condition, riparian condition, actual use reports, or other field monitoring sheets, observations, or data. Third, Mr. Ratner requested all documentation of lack of permit compliance, including but not limited to trespass cattle, improper salting, excessive utilization, or any other violations of allotment management plans. Fourth, Mr. Ratner requested all field notes, photographs, emails, meeting notes, conversation records, data, data sheets, GIS, analyses, or other

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

documents regarding evaluations, determinations, or appropriate actions of Rangeland Health Standards Assessments, Determination and Appropriate Actions, and compliance with 43 C.F.R. § 4180. Finally, Mr. Ratner requested all documents, meeting notes, emails, conversation records, or other documents related to NEPA analysis. Mr. Ratner also requested a public interest fee waiver.

**115.**   On November 23, 2020, Mr. Ratner emailed DOI FOIA Appeals Officer Darrell Strayhorn, indicating he had not received any acknowledgement or response to his request. He provided Ms. Strayhorn proof of the fax transmission.

**116.**   Ms. Strayhorn replied to Mr. Ratner by email on December 10, 2020, and assigned the request Appeal No. 2021-032.

**117.**   On April 1, 2022, BLM sent Mr. Ratner a letter acknowledging the request, but asserted it received the request on September 23, 2021. BLM assigned the request tracking number DOI-BLM-2021-006220. BLM indicated the request fell within its "Exceptional/Voluminous" processing track, and that there were 24 pending requests ahead of DOI-BLM-2021-006220 in this processing track. The acknowledgement letter stated BLM had not yet made a determination on Mr. Ratner's request. The acknowledgement letter did not contain an estimated date by which BLM would complete its response to Mr. Ratner's request.

**118.**   BLM's claim that it did not receive the request belatedly assigned tracking number BLM-2021-006218 until more than a year after it was actually filed is demonstrably false because — as noted above — WWP provided DOI FOIA Appeals Officer Darrell Strayhorn with evidence of that the request being filed by FAX on May 16, 2020.

**119.**   On May 6, 2022, WWP staff attorney John Persell sent a letter to BLM by email requesting any updates or information about this request, including an estimated completion date, but received no direct reply.

COMPLAINT                                                27

**120.**   On May 9, 2022, BLM sent Mr. Ratner a letter regarding request DOI-BLM-2021-006220. The letter stated BLM had determined it will comply with the request "as an extraordinary track," and may invoke Exemption 6. The letter again stated 24 pending requests were ahead of BLM-2021-006220, and that requests in the extraordinary track "will take over 60 workdays to process." However, the letter did not provide an estimated date by which BLM would complete its response to the request.

**121.**   On January 9, 2023, WWP staff attorney Megan Backsen sent a letter to BLM by email requesting any updates or information about this request, including an estimated completion date, but received no direct reply.

**122.**   Instead, BLM contacted Mr. Ratner by email on January 26, 2023, and stated that request BLM-2021-006220 was "under [a] review process." The response did not include an estimated completion date.

**123.**   As of the filing of this Complaint, Defendants have disclosed no records responsive to this request.

### Regarding BLM FOIA Request DOI-BLM-2021-006221

**124.**   On or about May 16, 2020, on behalf of WWP, by fax Mr. Ratner requested from BLM records related to resource and range management regarding allotments currently or formerly permitted to Frank Robins, Owl Creek Ranch, HD Ranch, or High Island Ranch, as well as 15 other specified allotments within the Wyoming BLM's Worland Field Office from December 30, 2018, until the date the request is fulfilled. Mr. Ratner identified seven specific categories of records included within the request. First, Mr. Ratner requested all field notes, conversation records, emails, photographs, monitoring data, field sheets, meeting notes, and other documents related to resource and range management. Second, Mr. Ratner requested all utilization, stubble

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

height, willow usage, range condition, riparian condition, actual use reports, or other field moni-
toring sheets, observations, or data. Third, Mr. Ratner requested all documentation of lack of
permit compliance or illegal activities, including but not limited to trespass cattle, improper salt-
ing, excessive utilization, or any other violations of annual operating instructions, whether permit
actions were taken or not, including trespass sheep and cattle from Frank Robbins's private
lands, and including all records obtained from other agencies or persons. Fourth, Mr. Ratner re-
quested all analyses, reports, emails, meeting notes, conversation records, or other documents
regarding Standards and Guidelines assessments, determinations, or appropriate actions on the
Worland Field Office. Fifth, Mr. Ratner requested all records related to instruction to BLM staff
regarding BLM management and oversight of the area encompassed by the current or former al-
lotments permitted to H. Frank Robbins or entities associated with him. Sixth, Mr. Ratner re-
quested all records related to implementation of those instructions, including but not limited to
meeting notes with BLM personnel, or actions taken by BLM management against any BLM
personnel for failure to comply with those instructions. Finally, Mr. Ratner requested all records
related to the legal/regulatory basis for those instructions. Mr. Ratner also requested a public in-
terest fee waiver.

**125.**   On November 23, 2020, Mr. Ratner emailed DOI FOIA Appeals Officer Darrell Stray-
horn, indicating he had not received any acknowledgement or response to his request. He pro-
vided Ms. Strayhorn proof of the fax transmission.

**126.**   Ms. Strayhorn replied to Mr. Ratner by email on December 10, 2020, and assigned the
request Appeal No. 2021-031.

**127.**   On April 1, 2022, BLM sent Mr. Ratner a letter acknowledging a request it had assigned
tracking number DOI-BLM-2021-006221, but the letter listed the same requested items as for the
request BLM assigned tracking number DOI-BLM-2021-006220. In the acknowledgement letter

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

for DOI-BLM-2021-006221, BLM asserted it received the request on September 23, 2021. BLM indicated the request fell within its "Exceptional/Voluminous" processing track, and that there were 25 pending requests ahead of DOI-BLM-2021-006221 in this processing track. The acknowledgement letter stated BLM had not yet made a determination on Mr. Ratner's request. The acknowledgement letter did not contain an estimated date by which BLM would complete its response to Mr. Ratner's request.

**128.**   BLM's claim that it did not receive the request belatedly assigned tracking number BLM-2021-006218 until more than a year after it was actually filed is demonstrably false because — as noted above — WWP provided DOI FOIA Appeals Officer Darrell Strayhorn with evidence of that the request being filed by FAX on May 16, 2020.

**129.**   On May 6, 2022, WWP staff attorney John Persell sent a letter to BLM by email requesting any updates or information about this request, including an estimated completion date, but received no direct reply.

**130.**   On May 9, 2022, BLM sent Mr. Ratner a letter regarding request DOI-BLM-2021-006221. The letter stated BLM had determined it will comply with the request "as an extraordinary track," and may invoke Exemption 6. The letter again stated 25 pending requests were ahead of BLM-2021-006221, and that requests in the extraordinary track "will take over 60 workdays to process." However, the letter did not provide an estimated date by which BLM would complete its response to the request.

**131.**   On January 9, 2023, WWP staff attorney Megan Backsen sent a letter to BLM by email requesting any updates or information about this request, including an estimated completion date, but received no direct reply.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**132.**   Instead, BLM contacted Mr. Ratner by email on January 26, 2023, and stated that the first batch of documents responsive to request BLM-2021-006221 would be sent by close of business on January 31, 2023. The response did not include an estimated completion date.

**133.**   As of the filing of this Complaint, Defendants have disclosed no records responsive to this request.

### Regarding BLM FOIA Request DOI-BLM-2021-003370

**134.**   On or about March 29, 2021, on behalf of WWP, using the FOIAonline application, Mr. Ratner submitted a number of separate requests for records including five within Wyoming BLM's Kemmerer, Lander, Pinedale, Rock Springs, and Worland Field Offices from May 17, 2020, until the date the requests are fulfilled.

**135.**   The same day, March 29, 2021, Mr. Ratner received separate automated email acknowledgements for each submitted request from the FOIAonline application (admin@foiaonline.gov). Each automated email included a distinct tracking number, but did not specify which request each acknowledgement applied to.

**136.**   For the request seeking records regarding resource and range management within the Kemmerer Field Office, Mr. Ratner identified 10 allotments and four specific categories of records included within the request. First, Mr. Ratner requested all field notes, conversation records, emails, photographs, monitoring data, field sheets, meeting notes, and other documents related to permit, resource and range management, as well as NEPA processes (including the Smiths Fork NEPA process) and Rangeland Health Standards (43 C.F.R. § 4180). Second, Mr. Ratner requested all stubble height, willow usage, range condition, actual use reports, or other field monitoring sheets or data. Third, Mr. Ratner requested all documentation of lack of permit compliance, including but not limited to trespass livestock, improper salting, excessive utiliza-

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

tion, or other violations of allotment management plans, annual instructions, or the resource management plan. Finally, Mr. Ratner requested all records related in any way to any CRM process for any allotments within the Kemmerer Field Office, including those processes that do not comply with the principles of CRM. Mr. Ratner also requested a public interest fee waiver.

137.   For the request seeking records regarding resource and range management within the Lander Field Office, Mr. Ratner identified 20 allotments or groups of allotments and five specific categories of records included within the request. First, Mr. Ratner requested all field notes, conversation records, emails, photographs, monitoring data, field sheets, meeting notes, and other documents related to resource and range management. Second, Mr. Ratner requested all stubble height, willow usage, range condition, actual use reports, or other field monitoring sheets or data. Third, Mr. Ratner requested all documentation of lack of permit compliance, including but not limited to trespass cattle, improper salting, excessive utilization, or other violations of allotment management plans, annual instructions, or the resource management plan. Fourth, Mr. Ratner requested all documents related to NEPA and Rangeland Health Assessment, Determinations and Appropriate Actions, including meeting notes, reports, emails, photographs, and other records. Finally, Mr. Ratner requested all records related in any way to any CRM process for any allotments within the Lander Field Office, including those processes that do not comply with the principles of CRM. Mr. Ratner also requested a public interest fee waiver.

138.   For the request seeking records regarding resource and range management within the Pinedale Field Office, Mr. Ratner identified seven specific categories of records included within the request. First, Mr. Ratner requested all Actual Grazing Use Reports filed by permittees within the Pinedale Field Office for the 2020 grazing season. Second, Mr. Ratner requested all "Tally By Allotment" reports for the 2020 grazing season. Third, Mr. Ratner requested all communications with permittees who were delinquent in submitting their Actual Grazing Use Re-

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

ports and the results of those communications. Fourth, Mr. Ratner requested all documentation of

lack of permit compliance, including but not limited to trespass cattle, improper salting, exces-

sive utilization, or other violations of allotment management plans, annual instructions, or the

resource management plan. Fifth, Mr. Ratner requested all monitoring data, observations, field

sheets, notes, photographs, emails, meeting notes, conversation records, analyses, reports, GIS

data, or other documents, including those related to NEPA and Rangeland Health Assessment,

Determinations and Appropriate Actions, regarding the management of 31 specified allotments

or groups of allotments. Sixth, Mr. Ratner requested all records related in any way to any CRM

process for any allotments within the Pinedale Field Office, including those processes that do not

comply with the principles of CRM. Finally, Mr. Ratner requested all records regarding NHPA

compliance on the James Ryegrass, Ball Horse Creek, Webb Draw, and Boulder Landscape

group of allotments. Mr. Ratner also requested a public interest fee waiver.

**139.**    For the request seeking records regarding resource and range management within the

Rock Springs Field Office, Mr. Ratner identified 24 allotments and five specific categories of

records included within the request. First, Mr. Ratner requested all field notes, conversation re-

cords, emails, photographs, monitoring data, field sheets, meeting notes, and other documents

related to permit administration, resource and range management. Second, Mr. Ratner requested

all stubble height, willow usage, range condition, riparian condition, actual use reports, or other

field monitoring sheets, observations, or data. Third, Mr. Ratner requested all documentation of

lack of permit compliance, including but not limited to trespass cattle, improper salting, exces-

sive utilization, or other violations of allotment management plans. Fourth, Mr. Ratner requested

all field notes, photographs, emails, meeting notes, conversation records, data, data sheets, GIS,

analyses, or other documents regarding evaluations, determinations, or appropriate actions re-

lated to Rangeland Health Standards Assessments, Determinations and Appropriate Actions, and

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR 97402
(541) 556-6439

compliance with 43 C.F.R. § 4180. Finally, Mr. Ratner requested all documents, meeting notes,

emails, conversation records, or other documents related to NEPA analysis. Mr. Ratner also re-

quested a public interest fee waiver.

**140.** For the request seeking records regarding resource and range management within the

Worland Field Office, Mr. Ratner specifically identified allotments currently or formerly permit-

ted to H. Frank Robbins, Owl Creek Ranch, HD Ranch, or High Island Ranch, as well as 15

other specified allotments. Mr. Ratner identified seven specific categories of records included

within the request. First, Mr. Ratner requested all field notes, conversation records, emails, pho-

tographs, monitoring data, field sheets, meeting notes, and other documents related to resource

and range management. Second, Mr. Ratner requested all utilization, stubble height, willow us-

age, range condition, riparian condition, actual use reports, or other field monitoring sheets, ob-

servations, or data. Third, Mr. Ratner requested all documentation of lack of permit compliance

or illegal activities, including but not limited to trespass livestock, improper salting, excessive

utilization, or any other violations of annual operating instructions, whether permit actions were

taken or not, including trespass sheep and cattle from Frank Robbins's private lands, and includ-

ing all records obtained from other agencies or persons. Fourth, Mr. Ratner requested all analy-

ses, reports, emails, meeting notes, conversation records, or other documents regarding Standards

and Guidelines assessments, determinations, or appropriate actions for all allotments within the

Worland Field Office. Fifth, Mr. Ratner requested all records related to instructions to BLM staff

regarding BLM management and oversight of the area encompassed by the current or former al-

lotments permitted to H. Frank Robbins or entities associated with him. Sixth, Mr. Ratner re-

quested all records related to implementation of those instructions, including but not limited to

meeting notes with BLM personnel, or actions taken by BLM management against any BLM

personnel for failure to comply with those instructions. Finally, Mr. Ratner requested all records

related to the legal/regulatory basis for those instructions. Mr. Ratner also requested a public interest fee waiver.

**141.**    On August 26, 2021, BLM sent Mr. Ratner a letter "to partially respond to request BLM-2021-003370-KFO/LFO/PFO." The use of the letters KFO, LFO, and PFO indicated the request number and letter referred to those requests for records from the Kemmerer, Lander, and Pinedale Field Offices.

**142.**    The letter stated that BLM had released 282 files in their entirety to Mr. Ratner on a DVD as "response batch #1." The letter also stated that BLM anticipated its next response would be sent by October 15, 2021. The letter did not address the requests for records from the Rock Springs or Worland Field Offices.  BLM subsequently provided two additional batches, neither of which was the final batch.

**143.**    On January 26, 2022, then-WWP staff attorney John Persell sent a letter to BLM by email requesting that BLM immediately notify WWP with the estimated dates by which WWP can expect BLM to complete its responses to request BLM-2021-003370, specifically naming the requests to the Kemmerer, Lander, Pinedale, and Worland Field Offices. Mr. Persell did not receive a reply.

**144.**    On May 6, 2022, then-WWP staff attorney John Persell sent a letter to BLM by email requesting any updates or information, including an estimated completion date, about request BLM-2021-003370, specifically naming the requests to the Kemmerer, Lander, Pinedale, Rock Springs, and Worland Field Offices. Mr. Persell did not receive a reply.

**145.**    On January 9, 2023, WWP staff attorney Megan Backsen sent a letter to BLM by email requesting any updates or information about this request, including an estimated completion date, but received no direct reply.

COMPLAINT

35

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**146.**   Instead, BLM contacted Mr. Ratner by email on January 26, 2023, and stated that the fi-

nal batch of documents responsive to request BLM-2021-003370 is "pending solicitor review."

The response did not include an estimated completion date.

**147.**   As of the filing of this Complaint, Defendants have disclosed no additional records re-

sponsive to this request.

### Regarding BLM FOIA Request DOI-BLM-2022-003993

**148.**   On or about May 31, 2022, on behalf of WWP, using the FOIAonline application, Mr.

Ratner submitted a request for records from Wyoming BLM's Kemmerer, Lander, Pinedale,

Rock Springs, and Worland Field Offices from March 29, 2021, until the date the requests are

fulfilled.

**149.**   For the request seeking records regarding resource and range management within the

Kemmerer Field Office, Mr. Ratner identified 10 allotments and four specific categories of re-

cords included within the request. First, Mr. Ratner requested all field notes, conversation re-

cords, emails, photographs, monitoring data, field sheets, meeting notes, and other documents

related to permit, resource and range management, as well as NEPA processes (including the

Smiths Fork NEPA process) and Rangeland Health Standards (43 C.F.R. § 4180). Second, Mr.

Ratner requested all stubble height, willow usage, range condition, actual use reports, or other

field monitoring sheets or data. Third, Mr. Ratner requested all documentation of lack of permit

compliance, including but not limited to trespass livestock, improper salting, excessive utiliza-

tion, or other violations of allotment management plans, annual instructions, or the resource

management plan. Finally, Mr. Ratner requested all records related in any way to any CRM

process for any allotments within the Kemmerer Field Office, including those processes that do

not comply with the principles of CRM. Mr. Ratner also requested a public interest fee waiver.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**150.**   For the request seeking records regarding resource and range management within the Lander Field Office, Mr. Ratner identified 20 allotments or groups of allotments and five specific categories of records included within the request. First, Mr. Ratner requested all field notes, conversation records, emails, photographs, monitoring data, field sheets, meeting notes, and other documents related to resource and range management. Second, Mr. Ratner requested all stubble height, willow usage, range condition, actual use reports, or other field monitoring sheets or data. Third, Mr. Ratner requested all documentation of lack of permit compliance, including but not limited to trespass cattle, improper salting, excessive utilization, or other violations of allotment management plans, annual instructions, or the resource management plan. Fourth, Mr. Ratner requested all documents related to NEPA and Rangeland Health Assessment, Determinations and Appropriate Actions, including meeting notes, reports, emails, photographs, and other records. Finally, Mr. Ratner requested all records related in any way to any CRM process for any allotments within the Lander Field Office, including those processes that do not comply with the principles of CRM. Mr. Ratner also requested a public interest fee waiver.

**151.**   For the request seeking records regarding resource and range management within the Pinedale Field Office, Mr. Ratner identified seven specific categories of records included within the request. First, Mr. Ratner requested all Actual Grazing Use Reports filed by permittees within the Pinedale Field Office for the 2021 grazing season. Second, Mr. Ratner requested all "Tally By Allotment" reports for the 2021 grazing season. Third, Mr. Ratner requested all communications with permittees who were delinquent in submitting their Actual Grazing Use Reports and the results of those communications. Fourth, Mr. Ratner requested all documentation of lack of permit compliance, including but not limited to trespass cattle, improper salting, excessive utilization, or other violations of allotment management plans, annual instructions, or the resource management plan. Fifth, Mr. Ratner requested all monitoring data, observations, field

sheets, notes, photographs, emails, meeting notes, conversation records, analyses, reports, GIS data, or other documents, including those related to NEPA and Rangeland Health Assessment, Determinations and Appropriate Actions, regarding the management of 31 specified allotments or groups of allotments. Sixth, Mr. Ratner requested all records related in any way to any CRM process for any allotments within the Pinedale Field Office, including those processes that do not comply with the principles of CRM. Finally, Mr. Ratner requested all records regarding NHPA compliance on the James Ryegrass, Ball Horse Creek, Webb Draw, and Boulder Landscape group of allotments. Mr. Ratner also requested a public interest fee waiver.

**152.**   For the request seeking records regarding resource and range management within the Rock Springs Field Office, Mr. Ratner identified 24 allotments and five specific categories of records included within the request. First, Mr. Ratner requested all field notes, conversation records, emails, photographs, monitoring data, field sheets, meeting notes, and other documents related to permit administration, resource and range management. Second, Mr. Ratner requested all stubble height, willow usage, range condition, riparian condition, actual use reports, or other field monitoring sheets, observations, or data. Third, Mr. Ratner requested all documentation of lack of permit compliance, including but not limited to trespass cattle, improper salting, excessive utilization, or other violations of allotment management plans. Fourth, Mr. Ratner requested all field notes, photographs, emails, meeting notes, conversation records, data, data sheets, GIS, analyses, or other documents regarding evaluations, determinations, or appropriate actions related to Rangeland Health Standards Assessments, Determinations and Appropriate Actions, and compliance with 43 C.F.R. § 4180. Finally, Mr. Ratner requested all documents, meeting notes, emails, conversation records, or other documents related to NEPA analysis. Mr. Ratner also requested a public interest fee waiver.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**153.**   For the request seeking records regarding resource and range management within the Worland Field Office, Mr. Ratner specifically identified allotments currently or formerly permitted to H. Frank Robbins, Owl Creek Ranch, HD Ranch, or High Island Ranch, as well as 15 other specified allotments. Mr. Ratner identified seven specific categories of records included within the request. First, Mr. Ratner requested all field notes, conversation records, emails, photographs, monitoring data, field sheets, meeting notes, and other documents related to resource and range management. Second, Mr. Ratner requested all utilization, stubble height, willow usage, range condition, riparian condition, actual use reports, or other field monitoring sheets, observations, or data. Third, Mr. Ratner requested all documentation of lack of permit compliance or illegal activities, including but not limited to trespass livestock, improper salting, excessive utilization, or any other violations of annual operating instructions, whether permit actions were taken or not, including trespass sheep and cattle from Frank Robbins's private lands, and including all records obtained from other agencies or persons. Fourth, Mr. Ratner requested all analyses, reports, emails, meeting notes, conversation records, or other documents regarding Standards and Guidelines assessments, determinations, or appropriate actions for all allotments within the Worland Field Office. Fifth, Mr. Ratner requested all records related to instructions to BLM staff regarding BLM management and oversight of the area encompassed by the current or former allotments permitted to H. Frank Robbins or entities associated with him. Sixth, Mr. Ratner requested all records related to implementation of those instructions, including but not limited to meeting notes with BLM personnel, or actions taken by BLM management against any BLM personnel for failure to comply with those instructions. Finally, Mr. Ratner requested all records related to the legal/regulatory basis for those instructions. Mr. Ratner also requested a public interest fee waiver.

COMPLAINT                                          39                         BAHR LAW OFFICES, P.C.

**154.**   On June 2, 2022, BLM sent Mr. Ratner a letter acknowledging the request and assigning the tracking number DOI-BLM-2022-003993. BLM indicated the request fell within its "Exceptional/Voluminous" processing track, and that there were 23 pending requests ahead of DOI-BLM-2022-003993 in this processing track. The acknowledgement letter stated BLM had approved Mr. Ratner's fee waiver request. The acknowledgement letter did not contain an estimated date by which BLM would complete its response to Mr. Ratner's request.

**155.**   On January 9, 2023, WWP staff attorney Megan Backsen sent a letter to BLM by email requesting any updates or information about this request, including an estimated completion date, but received no direct reply.

**156.**   Instead, BLM contacted Mr. Ratner by email on January 26, 2023, and stated that request BLM-2022-003993 is "under review process." The response did not include an estimated completion date.

**157.**   As of the filing of this Complaint, Defendants have disclosed no additional records responsive to this request.

**FACTS APPLYING TO ALL PENDING FOIA REQUESTS AND APPEALS**

**158.**   Defendants have violated FOIA by failing to either make timely decisions, or provide dates of receipt, tracking numbers or estimated completion dates for WWP's FOIA requests and appeal remands.

**159.**   As of the date this action was filed, WWP has contacted Defendants on multiple occasions to inquire about the status of its FOIA request and appeal remands and to request dates of receipt, tracking numbers and estimated completion dates for same. In so doing, WWP invoked 5 U.S.C. §§ 552(a)(7)(A), (B)(i), (ii).

**160.**   As alleged above, Defendants have not substantively responded to many of WWP's

COMPLAINT                                           40                    BAHR LAW OFFICES, P.C.

requests for information about the status of its FOIA requests and appeal remands by failing to provide dates of receipt, tracking numbers and estimated completion dates for same.

**161.**    As of the date this action was filed, the statutory deadlines for Defendants make final determinations resolving WWP's pending FOIA requests and two appeal remands have passed.

**162.**    As of the date this action was filed, Defendants have failed to make a final determination resolving WWP's eleven pending FOIA requests and two appeal remands and, thus, violated the FOIA's deadline requiring such a decision within 20 business days from the date of receipt of WWP's requests and appeal remands.

**163.**    As of the date this action was filed, Defendants have failed to provide WWP with a written notice setting forth any unusual circumstances that would justify extension of any of FOIA's deadlines, as required by 5 U.S.C. 552(a)(6)(B)(i).

**164.**    Defendants are overdue in their regulatory obligations to respond to WWP's FOIA requests and appeal remands and to provide non-exempt responsive records. Accordingly, Plaintiff seeks declaratory relief establishing that Defendants have violated FOIA and an order to provide non-exempt documents in a reasonable amount of time.

**165.**    Because Defendants have has failed to make final determinations on WWP's FOIA requests and appeal remands within the period required by FOIA, WWP has constructively exhausted all administrative remedies required by FOIA and may seek immediate judicial review. 5 U.S.C. §§ 552(a)(6)(A)(ii), (a)(6)(C)(i).

**166.**    The filing of this lawsuit is necessary to compel Defendants to disclose all records that are responsive to WWP's FOIA requests and appeal remands.

**167.**    WWP's claims presented herein are not insubstantial within the meaning of 5 U.S.C. § 552(a)(4)(E)(ii)(II).

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**168.** No exceptional circumstances exist within the meaning of FOIA, 5 U.S.C. § 552(a)(6)(C), which would allow this Court to grant Defendants more time to review and disclose requested records.

**169.** Defendants have not exercised due diligence in searching for and releasing records responsive to WWP's requests and appeals.

**170.** The delays at issue in this case result from a predictable agency workload of FOIA requests and appeals. Defendants have not made reasonable progress in reducing its backlog of pending requests and appeals.

**171.** The circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholdings at issue in this case.

**172.** Based on the nature of WWP's professional activities, WWP will continue to employ FOIA's provisions in information requests to BLM and DOI in the foreseeable future. Indeed, WWP has firm and definite plans to submit additional FOIA requests to BLM and DOI in the near future. WWP's professional activities will be adversely affected if BLM or DOI are allowed to continue violating FOIA's provisions. Unless enjoined and made subject to a declaration of WWP's legal rights by this Court, BLM will continue to violate the rights of WWP to receive public records under FOIA.

**173.** WWP has been required to expend costs and to obtain the services of attorneys to prosecute this action.

/ / /

/ / /

/ / /

/ / /

COMPLAINT

42

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

## CAUSES OF ACTION

### COUNT I

**VIOLATION OF THE FREEDOM OF INFORMATION ACT:
UNLAWFUL, CONSTRUCTIVE DENIAL OF FOIA REQUESTS AND APPEAL
REMANDS AND WITHHOLDING OF INFORMATION**

**174.**   WWP hereby incorporates by reference the allegations in the preceding paragraphs.

**175.**   WWP has a statutory right to the records it seeks, which are "agency records" within the meaning of FOIA, and there is no legal basis for Defendants to assert that any of FOIA's nine disclosure exemptions apply to the requested records. *See* 5 U.S.C. § 552(b)(l)-(9).

**176.**   Defendants violated WWP's rights under FOIA by failing to comply with the Act's decision deadlines and to make a determination on WWP's FOIA requests and appeal remands and by thus constructively withholding non-exempt information responsive to WWP's FOIA requests and appeal remands.

**177.**   Based on the nature of WWP's professional activities, it will continue to employ FOIA's provisions in information requests to Defendants in the foreseeable future.

**178.**   WWP's professional activities will be adversely affected if Defendants are allowed to continue violating FOIA's provisions as they have in this case.

**179.**   Unless enjoined and made subject to a declaration of WWP's legal rights by this Court, Defendants will continue to violate the rights of WWP to receive public records under FOIA.

**180.**   WWP is entitled to reasonable costs of litigation, including attorneys' fees and costs pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

### COUNT II

**VIOLATION OF THE FREEDOM OF INFORMATION ACT:
UNLAWFUL APPLICATION OF DISCLOSURE EXEMPTION**

**181.**   WWP hereby incorporates by reference the allegations in the preceding paragraphs.

**182.**   Plaintiff has a statutory right to the records it seeks, which are "agency records" within

COMPLAINT                                    43                     BAHR LAW OFFICES, P.C.
                                                                   1035 ½ Monroe Street
                                                                   Eugene, OR  97402
                                                                   (541) 556-6439

the meaning of FOIA, and there is no legal basis for Defendants to assert that any of the FOIA's nine disclosure exemptions apply. *See* 5 U.S.C. § 552(b)(l)-(9).

**183.** Defendants violated Plaintiff's rights under FOIA by unlawfully withholding information responsive to Plaintiff's FOIA requests and appeal remands.

**184.** Based on the nature of Plaintiff's professional activities, it will continue to employ FOIA's provisions in information requests to Defendants in the foreseeable future.

**185.** Plaintiff's professional activities will be adversely affected if Defendants are allowed to continue to violate FOIA's provisions as they have in this case.

**186.** Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Defendants will continue to violate the rights of Plaintiff to receive public records under FOIA.

**187.** Plaintiff is entitled to reasonable costs of litigation, including attorneys' fees and costs pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

### COUNT III

### VIOLATION OF THE FREEDOM OF INFORMATION ACT: DECISION DEADLINE VIOLATIONS

**188.** WWP hereby incorporates by reference the allegations in the preceding paragraphs.

**189.** WWP has a statutory right to have Defendants process its FOIA requests and appeals in a manner that complies with FOIA. WWP's rights in this regard were violated when the Defendants failed to make a determination on WWP's FOIA requests and appeals by the deadlines imposed by FOIA. 5 U.S.C. §§ 552(a)(6)(A)(i); 552(a)(6)(A)(ii).

**190.** Defendants are unlawfully withholding public disclosure of records sought by WWP, records which are "agency records" within the meaning of FOIA, to which WWP is entitled, and for which no valid disclosure exemption applies.

**191.** Based on the nature of WWP's professional activities, it will continue to employ FOIA's

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

provisions in information requests to Defendants in the foreseeable future.

**192.**   WWP's professional activities will be adversely affected if Defendants are allowed to continue violating FOIA's decision deadlines as they have in this case.

**193.**   Unless enjoined and made subject to a declaration of WWP's legal rights by this Court, Defendants will continue to violate the rights of WWP to have its information requests and appeals processed as required by FOIA.

**194.**   WWP is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## COUNT IV

### VIOLATION OF THE FREEDOM OF INFORMATION ACT:
### FAILURE TO INFORM OF DATE OF RECEIPT, PROVIDE TRACKING NUMBER OR AN ESTIMATED DATE ON WHICH DEFENDANTS WILL COMPLETE ACTION ON PLAINTIFF'S FOIA REQUESTS AND APPEAL REMANDS

**195.**   WWP hereby incorporates by reference the allegations in the preceding paragraphs.

**196.**   FOIA requires federal agencies to acknowledge receipt of requesters' requests and appeals of FOIA determinations, provide requesters with the date upon which the agency received FOIA requests and appeals and provide an individualized tracking number for each request and appeal received that will take longer than ten days to process. 5 U.S.C. §§ 552(a)(7)(A), (B)(i).

**197.**   FOIA requires federal agencies to provide the requester with information about the status of an agency's response to a request or appeal, including an estimated date on which the agency will complete action on the request or appeal. 5 U.S.C. § 552(a)(7)(B)(ii).

**198.**   WWP repeatedly asked Defendants for the date it received Plaintiff's requests and appeal remands as well as for tracking numbers and estimated dates on which Defendants would complete action on WWP's requests and appeal remands. In so doing, WWP constructively

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

invoked 5 U.S.C. §§ 552(a)(7)(A) and (B).

**199.**   Defendants have repeatedly failed to provide the dates they received WWP's requests and appeal remands, provide tracking numbers, or estimated dates by which Defendants would complete action on Plaintiff's FOIA requests and appeal remands.

**200.**   Defendants have repeatedly violated and continue to violate FOIA by failing to provide the date it received Plaintiff's requests and appeal remands, tracking numbers or an estimated date of completion of the FOIA requests and appeal remands.

**201.**   Based on the nature of Plaintiff's professional activities, it will continue to employ FOIA's provisions in information requests to Defendants in the foreseeable future.

**202.**   Plaintiff's professional activities will be adversely affected if Defendants are allowed to continue to violate FOIA's provisions as they have in this case.

**203.**   Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Defendants will continue to violate the rights of Plaintiff to receive public records under FOIA.

**204.**   WWP is entitled to reasonable costs of litigation and attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).


**COUNT V**

**VIOLATION OF FOIA AND APA: ENGAGING IN A PATTERN, PRACTICE OR POLICY OF UNLAWFUL CONDUCT OF FAILURE TO PROVIDE DATES OF RECEIPT, TRACKING NUMBERS OR ESTIMATED COMPLETION DATES**

**205.**   WWP hereby incorporates by reference the allegations in the preceding paragraphs.

**206.**   Defendants have adopted and is engaged in a pattern, practice or policy of violating FOIA's procedural requirements when processing FOIA request or associated appeals by repeatedly refusing to provide the date of receipt, a tracking number or estimated date on which it will complete action on information requests or associated appeals as required by 5 U.S.C. §§ 552(a)(7)(A), (B)(i), (ii).

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**207.**   Defendants are required by FOIA and the APA to respond to public information requests in a manner that discharges certain non-discretionary duties and to carry out its statutory duties in a manner that is not arbitrary, capricious or an abuse of discretion and not in accordance with law.

**208.**   In this case Defendants have engaged in a pattern, practice or policy of violating FOIA in responding to WWP's information requests or appeals by its failure to provide the date of receipt, a tracking number or estimated date by which they would be completed.

**209.**   Defendants' patterns, practices or policies of failing to provide the date of receipt, a tracking number or estimated completion date for processing information requests or associated appeals violates the intent and purpose of FOIA.

**210.**   Defendants' patterns, practices or policies for processing FOIA requests and appeals have resulted in violations of WWP's rights to the lawful implementation of FOIA as alleged above.

**211.**   Additionally, Defendants' patterns, practices or policies for process FOIA requests and appeals are likely to result in future violations of FOIA that will harm WWP and its members because WWP is likely to continue seeking public records from Defendant.

**212.**   Defendants' patterns, practices or policies of unlawful conduct in violation of FOIA's clear requirement to provide the date of receipt, a tracking number or estimated completion date for information requests or associated appeals is likely to recur absent intervention by this Court.

**213.**   Defendants' pattern, practice or policy exists, whether formal or informal in nature.

**214.**   FOIA imposes no limits on courts' equitable powers in enforcing its terms, and this Court should exercise its equitable powers to compel Defendants to comply with the clear requirements of FOIA and prevent it from continuing to apply its unlawful FOIA pattern, practice or policy.

**215.**   WWP is entitled to a declaration that Defendants' actions violated FOIA and to an injunction barring Defendants from violating FOIA in the future when responding to WWP's

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

FOIA requests or associated appeals. Whether made under FOIA or the APA, declaratory or injunctive relief will clarify and settle the legal relations at issue and afford relief from the uncertainty and controversy giving rise to these proceedings.

**216.** Defendants' unlawful patterns, practices or policies of violating FOIA when responding to WWP's FOIA request or associated appeals entitles WWP to an award of reasonable attorney fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

**COUNT VI**

**(In the alternative to Counts IV and V)**

**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT:
FAILING TO COMPLY WITH FOIA IN RESPONDING TO
WWP's FOIA REQUESTS AND APPEALS**

**217.** WWP hereby incorporates by reference the allegations in the preceding paragraphs.

**218.** Defendants have failed to act in an official capacity under color of legal authority by failing to comply with the mandates of FOIA consequent to its failure and refusal to: (1) issue a timely final determination of WWP's FOIA requests and appeals, and; (2) provide WWP with the dates of receipt, tracking numbers or estimated dates of completion for WWP's pending FOIA requests and appeal remands.

**219.** WWP has been adversely affected and aggrieved by the Defendants' failure to comply with the mandates of FOIA. Defendants' failure and refusal to: (1) issue a timely final determination of WWP's FOIA requests and appeals, and; (2) provide WWP with the dates of receipt, tracking numbers or estimated dates of completion for WWP's pending FOIA requests and appeal remands has injured WWP's interests in public oversight of governmental operations and constitute a violation of Defendants' statutory duties under the APA.

**220.** WWP has suffered a legal wrong as a result of the Defendants' failure to comply with the mandates of FOIA. Defendants' failure and refusal to: (1) issue a timely final determination of

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

WWP's FOIA requests and appeals, and; (2) provide WWP with the dates of receipt, tracking numbers or estimated dates of completion for WWP's pending FOIA requests and appeal remands has injured WWP's interests in public oversight of governmental operations and constitute a violation of Defendants' statutory duties under the APA.

**221.**   Defendants' failure and refusal to: (1) issue a timely final determination of WWP's FOIA requests and appeals, and; (2) provide WWP with the dates of receipt, tracking numbers or estimated dates of completion for WWP's pending FOIA requests and appeal remands, constitutes agency action unlawfully withheld and unreasonably delayed and is therefore actionable pursuant to the APA, 5 U.S.C. § 706(1).

**222.**   Alternatively, Defendants' failure and refusal to: (1) issue a timely final determination of WWP's FOIA requests and appeals, and; (2) provide WWP with the dates of receipt, tracking numbers or estimated dates of completion for WWP's pending FOIA requests and appeal remands is a violation of FOIA and is therefore arbitrary, capricious, or an abuse of discretion and not in accordance with law, and is therefore actionable pursuant to the APA, 5 U.S.C. § 706(2). Defendants have repeatedly violated and continue to violate FOIA by failing to provide the date it received WWP's requests and appeal remands, tracking numbers or an estimated date of completion for WWP's pending FOIA requests and appeal remands.

**223.**   Based on the nature of Plaintiff's professional activities, it will continue to employ FOIA's provisions in information requests to Defendants in the foreseeable future.

**224.**   Plaintiff's professional activities will be adversely affected if Defendants are allowed to continue to violate FOIA's provisions as they have in this case.

**225.**   WWP is entitled to judicial review under the Administrative Procedure Act 5 U.S.C. §§ 702, 706.

**226.**   WWP is entitled to costs of disbursements and costs of litigation, including reasonable

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

attorney and expert witness fees, under the Equal Access to Justice Act, 28 U.S.C. § 2412.

## REQUESTS FOR RELIEF

WHEREFORE, WWP requests that this Court:

**1.**     Adjudge and declare that Defendants have violated FOIA — or in the alternative, the APA — for the reasons set forth above;

**2.**     Order Defendants to comply immediately with FOIA by providing WWP all non-exempt public records subject to WWP's FOIA requests and appeals;

**3.**     Award WWP its reasonable attorneys' fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E) and/or award WWP its reasonable fees, expenses, costs, and disbursements, including attorneys' fees associated with this litigation, under the Equal Access to Justice Act, 28 U.S.C. § 2412;

**4.**     Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

**5.**     Grant such further and additional relief as this Court may deem just and proper.

Respectfully submitted for the Court's consideration, this 1st day of February, 2023.

/s/ David A Bahr_____
David A. Bahr, (D.D.C. Bar #OR0001)
Bahr Law Offices, P.C.
1035 1/2 Monroe Street
Eugene, Oregon 97402
541-556-6439
davebahr@mindspring.com

On the Complaint:

Megan Backsen
Western Watersheds Project
719-207-2493
P.O. Box 6774
Reno, NV 89513
megan@westernwatersheds.org